**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ERIC RIVERA, on his own behalf and
others similarly situated,

        Plaintiff,

vs.                                           Case No. 6:11-cv-2048-Orl-37GJK

DLS KAIZEN ENTERPRISES, INC.
d/b/a WIRELESS ZONE; and DAVID
SANTANA,

        Defendants.

**ORDER**

This cause is before the Court on the parties' "Consent Decree" (Doc. 46), filed February 12, 2013. A consent decree, according to *Black's Law Dictionary*, is a "court decree that all parties agree to." Similarly, a decree is "a judicial decision." The paper filed by the parties is not a judicial decision, and so will be treated as an application for the entry of an agreed judgment by the Court.

In this regard, the paper is deficient. It fails to comply with Local Rule 3.01(a). That rule requires all motions or applications to the Court to include "a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." The Court understands the application to request entry of a judgment in favor of Plaintiff and against Defendant DLS Kaizen Enterprises, Inc. in the amount of $1,209.60 in unpaid minimum wages, $1,434.66 in unpaid overtime wages, and $2,644.26 in liquidated damages. The Court understands that the parties are also requesting "a decree that DLS Kaizen will neither retaliate nor discriminate against Rivera in violation of 29 U.S.C. § 215(a)(3)."

Turning to the merits of the application, the claims in this case were brought pursuant to the Fair Labor Standards Act. The FLSA provides mandatory protection for "certain segments of the population from substandard wages and excessive work hours." *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178, 1180 (11th Cir. 1982). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). These provisions are mandatory, and an employee may not settle, compromise, or waive a claim for back wages unless: (1) the Secretary of Labor supervises the payment to the employee of unpaid wages owed, or (2) the presiding district court enters a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (citing 29 U.S.C. § 216(b)–(c)). Nevertheless, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." *Feagans v. Americana Jax Inv., Inc.*, 3:07-cv-433-J-33HTS, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008); *see also Mackenzie v. Kindred Hosps. E., LLC.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny. . . .").

The application does not indicate whether Plaintiff has compromised his claim. The Court notes that the amounts agreed to in the "consent decree" are the same amounts identified by Plaintiff in his Answers to the Court's Interrogatories. (*Compare* Doc. 46, pp. 1–2 *with* Doc. 28, p. 2.) Thus, it appears to the Court that the agreement reached between the parties does not compromise Plaintiff's claims, and therefore there is no need for judicial scrutiny. To this extent, the motion appears well-taken. There are

two issues that the parties have not addressed, however.

First, the parties' request for a "a decree that DLS Kaizen will neither retaliate nor discriminate against Rivera in violation of 29 U.S.C. § 215(a)(3)" may not be well-founded. All injunctions entered by the Court must comply with the requirements of Federal Rule of Civil Procedure 65(d). Rule 65(d) protects those who are enjoined

> by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order. As a result, one of the principal abuses of the pre-federal rules practice—the entry of injunctions that were so vague that defendant was at a loss to determine what he had been restrained from doing—is avoided. The drafting standard established by Rule 65(d) is that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed.

*Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (quoting 11A Wright, Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2955 (1995)). The injunction proposed by the parties may not do this. Rather, it may be more akin to an improper obey the law injunction, which uses language that "does not give the restrained party fair notice of what conduct will risk contempt." *Hughey*, 78 F.3d at 1531. The Eleventh Circuit has repeatedly instructed district courts not to issue broad obey the law injunctions. *See, e.g.*, *SEC v. Goble*, 682 F.3d 934, 952 (11th Cir. 2012). Rather, a district court must tailor its issued injunctions "to remedy the specific harms shown rather than to enjoin all possible breaches of the law." *Id.* That is, injunctions must contain "an operative command capable of 'enforcement.'" *Id.*

Given the lack of a memorandum of law in the application, it is unclear whether an injunction may issue on the record in this case. The Court therefore will require the parties to provide further briefing.

Second, the Court notes that the claims against Defendant David Santana would

remain pending even if it were to grant the relief requested in the application. Thus, the Court could not enter a final judgment because such an order "generally must adjudicate all claims against all parties, thereby ending the litigation." *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001). As the parties are not requesting a final judgment, the motion must be one for a partial judgment pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) provides a mechanism through which the Court may "direct the entry of judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay" 20 Charles Alan Wright & Mary Kay Kane, *Federal Practice and Procedure Deskbook* § 108 (2011). The rule was designed to facilitate the entry of an order of final judgment in a multi-claim, multi-party action where the parties demonstrate a need for making review available on some of the claims or parties before an entry of final judgment as to all. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956). Rule 54(b) does not countenance piecemeal review of a case. The rule is not to be invoked indiscriminately; rather, the drafters of the Federal Rules of Civil Procedure anticipated that it would be used only in the "infrequent harsh case." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958).

    Again, because the parties have failed to include a memorandum of law in support of their application, the Court has not been advised as to why the Court should enter a partial judgment rather than wait until the all of Plaintiff's claims are resolved. The Court will require the parties to provide further briefing on this issue. Alternatively, in view of the fact that it appears Plaintiff will receive a judgment for all of his damages, the Court would entertain a motion from plaintiff for the voluntary dismissal (without prejudice) of the claims he has brought against Defendant David Santana.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The parties' Consent Decree (Doc. 46) is **TAKEN UNDER ADVISEMENT**.

2. The parties shall, on or before March 1, 2013, file a response to this order, either jointly or separately, that addresses the issues raised above. Such response(s) shall consist of no more than ten pages.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 20, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record

5